# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| GARY L. SPIKES,<br><br>        Plaintiff,<br><br>v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of the Social<br>Security Administration,<br><br>        Defendant. | Case No. CIV-08-477-SPS |

## OPINION AND ORDER

The claimant Gary L. Spikes requests judicial review of a denial of benefits by the Commissioner of the Social Security Administration pursuant to 42 U.S.C. § 405(g). He appeals the Commissioner's decision and asserts the Administrative Law Judge ("ALJ") erred in determining that he was not disabled. As discussed below, the decision of the Commissioner is hereby AFFIRMED.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment[.]" 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy[.]" *Id.* § 423 (d)(2)(A). Social security regulations

implement a five-step sequential process to evaluate a disability claim. *See* 20 C.F.R. §§ 404.1520, 416.920.[1]

Section 405(g) limits the scope of judicial review of the Commissioner's decision to two inquiries: whether the decision was supported by substantial evidence and whether correct legal standards were applied. *See Hawkins v. Chater,* 113 F.3d 1162, 1164 (10th Cir. 1997). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401 (1971), *quoting Consolidated Edison Co. v. NLRB,* 305 U.S. 197, 229 (1938). *See also Clifton v. Chater,* 79 F.3d 1007, 1009 (10th Cir. 1996). The Court may not reweigh the evidence or substitute its discretion for the Commissioner's. *See Casias v. Secretary of Health & Human Services,* 933 F.2d 799, 800 (10th Cir. 1991). The Court reviews the record as a whole, and "[t]he substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." *Universal Camera Corp. v. NLRB,* 340 U.S. 474, 488 (1951); *see also Casias,* 933 F.2d at 800-01.

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity. Step two requires the claimant to establish that he has a medically severe impairment (or combination of impairments) that significantly limits his ability to do basic work activities. If the claimant *is* engaged in substantial gainful activity, or his impairment *is not* medically severe, disability benefits are denied. If he *does* have a medically severe impairment, it is measured at step three against the listed impairments in 20 C.F.R. Part 404, Subpt. P, App. 1. If the claimant has a listed (or "medically equivalent") impairment, he is regarded as disabled and awarded benefits without further inquiry. Otherwise, the evaluation proceeds to step four, where the claimant must show that he lacks the residual functional capacity (RFC) to return to his past relevant work. At step five, the burden shifts to the Commissioner to show there is significant work in the national economy that the claimant *can* perform, given his age, education, work experience and RFC. Disability benefits are denied if the claimant can return to any of his past relevant work or if his RFC does not preclude alternative work. *See generally Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

## Claimant's Background

The claimant was born on September 18, 1958, and was forty-nine years old at the time of the administrative hearing. He has high school education and was a junior at East Central University at the time of the latest hearing (Tr. 561). The claimant has worked as a truck driver, a casing running machine tender, a welder, and a carpenter contractor, but alleges he has been unable to work since March 10, 2003 because of back and shoulder problems, muscle spasms, restrictions as to movement and lifting, and heat susceptibility.

## Procedural History

The claimant applied on June 23, 2003 for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-434, and supplemental security income payments under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-85. His applications were denied. ALJ Michael A. Kirkpatrick held an administrative hearing and determined that the claimant was not disabled in a decision dated April 20, 2005. The claimant appealed and this Court reversed in Case No. CIV-05-456-RAW-SPS, remanding the case to the ALJ for further proceedings on August 28, 2007. In the meantime, the claimant filed new applications for benefits, which the Appeals Council consolidated with the previous case on December 12, 2007 (Tr. 415 and 434-435). The ALJ held a supplemental administrative hearing and again determined that the claimant was not disabled in written opinion dated September 8, 2008 (Tr. 415-428). The Appeals Council denied review, so this latest opinion by the ALJ represents the Commissioner's final decision for purposes of this appeal. *See* 20 C.F.R. §§ 404.981, 416.1481.

## Decision of the Administrative Law Judge

The ALJ made his decision at step four of the sequential evaluation. He found that the claimant had the residual functional capacity ("RFC") to perform a wide range of light work but can stoop only occasionally (Tr. 419). The ALJ concluded that the claimant was not disabled because he could return to his past relevant work as a casing running machine tender (Tr. 427). The ALJ further found that even if the claimant could not return to any past relevant work, he would nevertheless not be disabled according to "the grids" given his age, work experience and RFC (Tr. 427). *See* 20 C.F.R. Part 404, Subpt. P, App. 2, Medical Vocational Rule 202.21.

## Review

The claimant contends that the ALJ erred: (i) by failing to properly evaluate the medical opinions of his treating physicians, Dr. James A. Glasgow, M.D. and Dr. Umar Saeed, M.D.; and, (ii) by failing to re-contact Dr. Glasgow and Dr. Saeed to clarify their opinions. The Court finds neither contention persuasive.

Medical opinions from a treating physician are entitled to controlling weight if they are "well-supported by medically acceptable clinical and laboratory diagnostic techniques . . . [and] consistent with other substantial evidence in the record." *Langley v. Barnhart,* 373 F.3d 1116, 1119 (10th Cir. 2004), *quoting Watkins v. Barnhart,* 350 F.3d 1297, 1300 (10th Cir. 2003). When a treating physician's opinions are not entitled to controlling weight, the ALJ must determine the proper weight to which they are entitled by analyzing all of the factors set forth in 20 C.F.R. § 416.927. *Id.* at 1119 ("Even if a treating physician's opinion is not entitled to controlling weight, "[t]reating source

medical opinions are still entitled to deference and must be weighed using *all of the factors* provided in § [416.927]."), *quoting Watkins,* 350 F.3d at 1300 [emphasis added]. The applicable factors are: (i) the length of the treatment relationship and the frequency of examination; (ii) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (iii) the degree to which the physician's opinion is supported by relevant evidence; (iv) consistency between the opinion and the record as a whole; (v) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (vi) any other factors that tend to support or contradict the opinion. *Watkins,* 350 F.3d at 1300-01, *citing Drapeau v. Massanari,* 255 F.3d 1211, 1213 (10th Cir. 2001) [quotation omitted]. And if the ALJ decides to reject a treating physician's opinions entirely, he is required to "give specific, legitimate reasons for doing so." *Id.* at 1301 [quotations omitted]. In sum, it must be "clear to any subsequent reviewers the weight the ALJ gave to the treating source's medical opinion and the reasons for that weight." *Id.* at 1300.

The claimant contends the ALJ failed to properly weigh medical source statements prepared by Dr. Glasgow (Tr. 333-334) and Dr. Saeed (Tr. 510-511) in accordance with the standards discussed above. In this regard, the ALJ acknowledged that both doctors found the claimant unable to perform even sedentary work, but ultimately determined that these assessments were "not in the least bit probative" (Tr. 421, 422). He found Dr. Glasgow's medical source statement to be "deficient, and without supportive medical documentation" (Tr. 421) and explained why: Dr. Glasgow did not see the claimant on a frequent basis (only three times during the year of onset, and for complaints unrelated to

the alleged disabling impairments); Dr. Glasgow did not see the claimant (or treat him) for any complaints of back, leg, shoulder, or hand pain; the claimant's documented visits were for complaints of sleepiness in February 2002, to request a handicapped parking sticker five months later, and to obtain the medical source statement nine months later; and, Dr. Glasgow's statement does not refer to any supportive clinical or diagnostic findings (Tr. 420). The ALJ observed that "[t]he same discussion is very much applicable" to statement prepared by Dr. Saeed, and went on to itemize the deficiencies he found there: Dr. Saeed failed to identify any clinical or laboratory findings (they were "undiagnosed at this point") supporting his statement that the claimant could not walk; Dr. Saeed on several occasions described the claimant as "a healthy individual appearing in no distress;" and, Dr. Saeed was willing to order a wheelchair for the claimant based on a diagnosis of "severe DJD L spine" even though back x-rays taken the same day showed a "Normal lumbrosacral spine." (Tr. 421).

The Court finds that the ALJ *did* properly consider the opinions of the claimant's treating physicians Dr. Glasgow and Dr. Saeed. He cited appropriate reasons for refusing to give them controlling weight to their opinions, *e. g.*, the absence of supportive clinical or laboratory findings, and analyzed them according to the factors discussed in *Watkins*. Further, the ALJ specified the weight he was giving these opinions, *i. e.*, essentially no weight at all, as he found them "not in the least bit probative," and gave specific legitimate reasons doing this. *See, e. g., Eggleston v. Bowen*, 851 F.2d 1244, 1246-47 (10th Cir. 1988) ("[A] treating physician's opinion may be rejected if the Secretary gives specific, legitimate reasons for doing so."), *citing Reyes v. Bowen*, 845 F.2d 242, 245

(10th Cir. 1988). Inasmuch as the ALJ properly weighed the opinions by Dr. Glasgow and Dr. Saeed according to the applicable standards, this Court's review is complete. *See, e. g., White v. Barnhart,* 287 F.3d 903, 908 (10th Cir. 2001) ("Had we been the fact finder we may well have reached a different conclusion concerning the weight to be given Dr. Fanning's disability assessment . . . In light of the narrow scope of our review, we are compelled, as was the district court, to conclude that the record contains substantial support for the ALJ's decision . . . That ends our analysis, for we may neither 'reweigh the evidence nor substitute our judgment for the [Commissioner's].'"), *quoting Glass v. Shalala,* 43 F.3d 1392, 1395 (10th Cir.1994).

Perhaps acknowledging that the ALJ cited legitimate deficiencies with the medical opinions expressed by his treating physicians Dr. Glasgow and Dr. Saeed, the claimant argues that the ALJ should have re-contacted the doctors for clarification. *See* 20 C.F.R. §§ 404.1512(e), 416.912 (e)(1) ("We will seek additional evidence or clarification from your medical source when the report from your medical source contains a conflict or ambiguity that must be resolved, the report does not contain all the necessary information, or does not appear to be based on medically acceptable clinical and laboratory diagnostic techniques."). But "it is not the rejection of the treating physician's opinion that triggers the duty to recontact the physician; rather it is the inadequacy of the evidence the ALJ receive[s] from [the claimant's] treating physician that triggers the duty." *White,* 287 F.3d at 908, *quoting* 20 C.F.R. § 416.912(e) [quotation marks omitted]. The ALJ did not find that Dr. Glasgow and Dr. Saeed failed to submit enough support for their opinions; he found instead that *there was no support* for them. *See id.* at 908-09

("The ALJ believed the information he received from Dr. Fanning was 'adequate' for consideration; that is, it was not so incomplete that it could not be considered. However, the ALJ also believed that the conclusion Dr. Fanning reached was wrong; that is, it was insufficiently supported by the record as a whole."), *quoting* 20 C.F.R. § 416.912(e). The Court finds no error here by the ALJ.

## Conclusion

In summary, the Court finds that correct legal standards were applied by the ALJ and the decision of the Commissioner is therefore supported by substantial evidence. Accordingly, the decision of the Commissioner is hereby AFFIRMED.

**DATED** this 31st day of March, 2010.

								_____
								**STEVEN P. SHREDER**
								**UNITED STATES MAGISTRATE JUDGE**